BRUNOT, J.
 

 In this matter the plaintiff obtained a separation from bed and board from the de
 
 *209
 
 fendant, her husband, and a decree awarding her alimony, pendente lite, at the rate of $75 per month. Thereafter, in a proper proceeding, a judgment decreeing a final divorce and awarding Mrs. Brakenridge permanent alimony at the rate of $75 per month was rendered.
 

 The appeal is, by the party cast, from that part of the judgment fixing the permanent alimony- at $75 per month. The litigants agree that, under the provisions of Oiv. Code, art. 160, permanent alimony cannot exceed .one-third of the defendant’s income; therefore, the case presents only two questions, viz.: What is the amount of defendant’s income, and, is the condition and situation of the plaintiff such as to warrant the court in awarding her alimony for a sum equal to one-third of that income?
 

 Appellee contends, in argument and brief, that the case presents
 
 only
 
 questions of fact, and the trial judge’s findings of fact are entitled to great weight, and should not be disturbed unless manifestly erroneous. The .principle contended for is sound, but, unfortunately, the judgment is based upon oral reasons assigned at the time of its rendition. Therefore, we are not informed as to the judge’s findings of fact. Appellant contends that the burden was upon the plaintiff to prove the sum of his income, and, as she failed to prove that it exceeded $150 per month, permanent alimony must be limited to one-third of that amount. It is further contended that plaintiff has earning capacity to a limited extent, and that she admits contributing to the support of her father’s household approximately $20 per month in addition to paying him $30 per month for her board and lodging; therefore, the judgment for permanent alimony should be reduced from $75 per month to $25 per month, and, as thus amended, that it should be affirmed.
 

 We have read the testimony and we find it conflicting as to defendant’s income. It is admitted that if Mrs. Till had taken the stand she would have testified that certain revenues received by defendant’s mother from the estate of her deceased husband were apportioned annually among the heirs of the deceased. On the other hand, the defendant testified that he never received one cent of these revenues. He offers the probate proceedings had in the succession of his deceased father, and these proceedings show that the defendant’s mother is the usufructuary of all the property left by the deceased. If the usufructuary gave defendant any part of the revenues of the property, it was a donation pure and simple; moreover, the burden of proving the defendant’s income was upon the plaintiff, and the only testimony plaintiff offered on this point was such as defendant admits Mrs. Till would have given if called as a witness.
 

 It appears that the evidence of the defendant’s mother could have been obtained, and this controverted fact satisfactorily established by her testimony. It is shown that the title to certain leased properties was in the defendant, and that the tenants paid certain monthly rentals. On the other hand, it is shown that these properties were mortgaged to the Hammond & Ponchatoula Building & Loan Associations and all rent payments were made to those associations and applied as credits on the defendant’s mortgage notes. It is admitted that defendant’s employer allowed him a small expense account, but he testifies that the upkeep of his
 
 *211
 
 motorcar and other incidental expenses incurred in the conduct of his employer’s business exceeded the allowance approved, and, therefore, his net income was something less than $150 per month.
 

 If defendant’s mother should die, remarry, or otherwise terminate her usufruct of the estate of defendant’s deceased father, defendant- would be entitled to receive, as income, from that estate a considerable sum annually; but we are dealing with the present situation and cannot anticipate what the future may hold in store for the litigants.
 

 Our conclusions are that the necessity for alimony is clearly established; that defendant’s present income is $150 per month; and that Civ. Code, art. 160, must be literally applied.
 

 It is therefore decreed that the sum of the permanent alimony awarded in the judgment appealed from be reduced to $50 per month, and, as thus amended, that it be affirmed; the appellee to pay the costs of the appeal.
 

 O’NIELL, C. J., and OVERTON, J., are of the opinion that the judgment should be affirmed.